## William Allwein, Plff. in Err., *v.* John F. Werntz et al., Exrs.

In an action on a refunding bond, the condition of which was to refund so much of a legacy paid by the executors as should be necessary to pay any debt or demand against the estate, *held*, that claims of legatees are demands against the estate in the hands of the executors.

In such action the final account of the executors and the report of the auditor making the distribution of the balance in the executors' hands are competent evidence to prove a breach of the bond.

(Argued May 6, 1887. Decided May 23, 1887.)

January Term, No. 377, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ. Error to the Common Pleas of Lebanon County to review a judgment on a verdict directed for plaintiffs in an action on a bond. Affirmed.

This action was brought by the executors of George F. Mars against William Allwein, to recover on a refunding bond the difference between the amount of a legacy paid to one Polly Allwein and the amount distributed to her by the orphans' court. The condition of the bond appears from the charge of the court to the jury, given below.

On the trial plaintiffs, to prove their case, offered in evidence the will of the testator, a certified copy of the plaintiffs' account as executors, confirmed by the orphans' court, and the report of the auditor making distribution of the balance in

the hands of the executors, and the filing and confirmation of the same.

The account and auditor's report were objected to by defendant, upon the ground that the evidence was incompetent and irrelevant to affect the issue. The court overruled the objection in these words:

"In our opinion the evidence is competent to prove a breach of this bond, and the objections are overruled and the evidence admitted. This ruling applies to the account and the report together, and not separate."

Further facts appear from the charge of the court to the jury, as follows:

This suit is brought upon a refunding bond given by the defendant, William Allwein, to the executors of George F. Mars. The action is brought to recover the difference between the sum paid Polly Allwein, who was a legatee under the will of George Mars, in January, 1883, and the amount subsequently distributed to her by the orphans' court of Schuylkill county in February, I think, 1884. It is admitted that the settlement then made was a full and complete settlement of the estate of George F. Mars, and therefore it follows that the amount thus decreed to her by the orphans' court was the full amount to which she was entitled under the will. She received $2,950 in January, 1883, and the claim is made now that under the following condition (which I will read to you) there is an obligation to pay back the difference between the amount actually received and the amount which she ought properly to have received. The condition is this:

"Now the condition of this obligation is such that if any part of this sum so paid to the said Polly Allwein shall at any time appear to be wanting to discharge any debt or demand against the estate of said deceased which the said executors shall not have other assets to pay, then and in such case, if the said William Allwein, his heirs, executors or administrators shall and do return the said legacy, or said sum or such part thereof as shall be necessary for the payment of the said debt or demand and the cost and charges attending the recovery of the same, then this obligation shall be void."

We hold in this case that the evidence produced before us is competent to establish that a portion of this bond is needed

to discharge a debt or demand against the estate of said deceased, and (at least in the absence of any other evidence contradicting the account and the auditor's report taken together) that the plaintiffs have made out a good case.

[We do not now decide that the papers are conclusive evidence upon that subject; but there is no other evidence in the case, except these papers; and upon them we say your verdict must be in favor of the plaintiffs, for the difference named, with interest from the time demand was made, which appears to have been August 11, 1885.] The amount as calculated is $383.80, —$358.70, and interest $25.10.

You will render a verdict for the plaintiffs for that amount.

Exception noted for the defendant.

Verdict and judgment accordingly.

The assignments of error specified the action of the court in admitting in evidence the account of the executors, the auditor's report, and the portions of the charge inclosed in brackets.

*Josiah Funck & Son* for plaintiff in error.

*Grant Weidman* for defendants in error.

PER CURIAM:

Language more specific might have been used than that contained in the condition of the bond; yet we think the purpose and extent of its protective power do not admit of reasonable doubt. . It was given to the executors for their protection and to enable them to properly distribute the fund which they held in trust for the benefit of all persons entitled to any portion thereof. The legatees are entitled to share therein. Their claims are demands against the estate of the decedent, in the hands of the executors.

Judgment affirmed.